UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICHOLAS ROBERT MARTIN,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 2:14-CV-352-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 19. Attorney Dana Madsen represents plaintiff (Martin). Special Assistant United States Attorney Daphne Banay represents defendant (Commissioner). Plaintiff filed a reply. ECF No. 20. The parties consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the court **grants** defendant's motion for summary

ORDER ~ 1

judgment, ECF No. 19.

## JURISDICTION

Martin applied for disability insurance benefits (DIB) and supplemental security income benefits (SSI) on August 24, 2011, alleging disability beginning July 1, 2006 (Tr. 190-97). He later amended onset to January 26, 2009 (Tr. 48-49). The claims were denied initially and on reconsideration (Tr. 137-43, 146-49).

Administrative Law Judge (ALJ) Lori L. Freund held a hearing February 21, 2013. Martin, represented by counsel, and a vocational expert testified (Tr. 44-95). On April 11, 2013, the ALJ issued an unfavorable decision (Tr. 21-37). The Appeals Council denied review September 9, 2014, making the ALJ's decision final. On October 31, 2014 Martin filed this appeal pursuant to 42 U.S.C. §§ 405(g). ECF No. 1, 4.

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the parties' briefs. They are only briefly summarized here and throughout this order as necessary to explain the Court's decision.

Martin was 45 years old on the amended onset date and 49 on the date of the ALJ's decision. He graduated from high school and completed a two year audio visual engineering program in 1991. He has worked as an electrician and a bartender. His amended onset date is the date he last worked, January 29, 2009. He

alleged disability based on problems with his left knee, high blood pressure and depression. He lives with his mother and brother. Martin was insured through March 31, 2009 (Tr. 21, 47, 209-10, 469).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a

medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case

ORDER ~ 4

of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401

(1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## ALJ'S FINDINGS

ALJ Freund found Martin was insured through March 31, 2009 (Tr. 21, 23). At step one she found Martin did not work at SGA levels after onset (Tr. 23). At

steps two and three, the ALJ found Martin suffers from osteoarthritis left knee, status post total left knee replacement; degenerative joint disease in the right hip, status post right hip replacement; major depressive disorder; personality disorder; pain disorder associated with both psychological factors and a general medical condition, and polysubstance dependence in partial remission during the relevant time period, impairments that are severe but do not meet or medically equal a Listed impairment  (Tr. 23-24). The ALJ found Martin less than fully credible. She assessed a residual functional capacity (RFC) for a range of sedentary work  (Tr. 25-26, 34). At step four, relying on a vocational expert, she found Martin is unable to perform his past relevant work (Tr. 35). At step five, again relying on VE testimony, the ALJ found Martin can perform other jobs such as bench hand, compact assembler and final assembler (Tr. 36, 91-92). Accordingly, the ALJ found Martin is not disabled as defined by the Act  (Tr. 37).

## ISSUES

Martin alleges the ALJ erred when she assessed credibility and weighed the medical evidence. ECF No. 14 at 11-19. The Commissioner asks the court to affirm because, she alleges, the ALJ's findings are factually supported and free of harmful legal error. ECF No. 19 at 21.

## DISCUSSION

*A. Credibility*

ORDER ~ 7

Martin alleges the ALJ's credibility assessment is not properly supported. ECF No. 14 at 11-16. The Commissioner answers that the ALJ's reasons are legally sufficient. ECF No. 19 at 9.

When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's credibility findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The appropriate standard is clear and convincing reasons. The ALJ's reasons meet this standard.

The ALJ considered Martin's conservative and/or routine treatment, noncompliance with recommended treatment and medications, effective symptom control with medication compliance, inconsistent statements and daily activities (Tr. 31-34).

ORDER ~ 8

Martin's medical treatment has been sporadic. He has had no treatment for mental health issues. Noncompliance with treatment is noted. Martin's explanation, that he sometimes lacked insurance, does not adequately explain this noncompliance. Prescribed medications effectively control insomnia, depression and high blood pressure. Martin has not always taken medication prescribed for depression. Reports show periods when he took only over the counter medication for knee pain (Tr. 265, 271, 286-87, 293, 299, 302, 316, 327, 437, 469).

Following a GAU examination in June 2011, Dr. James Chavez-Muramatsu, D.O., opined Martin could stand 3 to 4 hours, sit for seven and frequently lift 20 to 30 pounds, although he would experience pain with weight bearing (Tr. 282). He had not seen Martin for about six months, since December 2010 (Tr. 308). Plaintiff eventually had a total replacement of his left knee in February 2012, and had his right hip replaced in July 2012, both without complications (Tr. 346, 375, 453, 462-63, 465-66).

Martin has inconsistently reported many things, including drug and alcohol use. Tests returned positive for oxycodone and cannabis that had not been prescribed (Tr. 304, 314, 327, 349, 382, 426). In June 2011 he was unhappy that he could not run with his five year old daughter. In May 2012 he reported he had no relationship with his children. In October 2012 his seven year old daughter was a motivation to get and stay clean (Tr. 286, 327, 431). He stopped working and lost his job as an

ORDER ~ 9

electrician because he was fired, allegedly for alcohol-related reasons, not because of his limitations (Tr. 209, 469). Daily activities are inconsistent with the degree of limitation alleged. These include taking public transportation, riding a bike, doing laundry, buying and preparing food and mowing the lawn (Tr. 222-23, 292, 230-31, 323, 327).

The ALJ is correct.

Evidence of conservative treatment is sufficient to discount a claimant's testimony regarding the severity of an impairment. *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007). Unexplained or inadequately explained lack of consistent treatment and failure to follow prescribed treatment are both properly considered. *Burch v. Barnhart,* 400 F.3d 676, 680 (9th Cir. 2005); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Symptoms controlled effectively by medications are not disabling. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001. 1006 (9th Cir. 2006). The ALJ may consider inconsistent statements and daily activities when assessing credibility. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

The ALJ's credibility assessment is supported by the evidence and free of harmful error.

*B. Opinion evidence*

Martin alleges the ALJ failed to properly weigh the opinions of two examining psychologists. ECF No. 14 at 17-19. The Commissioner responds that the

ORDER ~ 10

ALJ's reasons are legally sufficient and supported by the evidence. ECF No. 19 at 15-20.

John Arnold, Ph. D., evaluated Martin on June 15, 2011 (Tr. 290-97). Martin reported depression began in 2000, and anxiety "when he started using marijuana ten years ago" (Tr. 290). Dr. Arnold diagnosed, in part, opioid dependence in *partial sustained remission*. Martin said he last drank a month ago and used marijuana two weeks before the evaluation. He admitted he had been arrested numerous times as an adult and was currently on electronic home monitoring (Tr. 294).

Dr. Arnold evaluated Martin a second time on January 30, 2013 (Tr. 468-76). He again notes no history of mental health treatment. He assessed a GAF of 55, indicative of moderate symptoms or difficulty functioning. *DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS FOURTH EDITION at p. 32*. Dr. Arnold opined Martin suffers from marked and moderate limitations in the ability to perform several work-related tasks (Tr. 472, 474-75).

The ALJ rejected the assessed limitations because she found them inconsistent with the assessed GAF and with Martin's ability to timely complete testing. This is supported by the record. On the check-box form Dr. Arnold indicated Martin would be markedly limited (have frequent interference) in the ability to perform within a schedule and be punctual, yet he was punctual with his appointment and timely completed testing. (Tr. 474). The ALJ opined Arnold's more dire assessments are

likely based on unreliable self-reported complaints and symptoms (Tr. 34). These are specific, legitimate reasons supported by substantial evidence. Opinions that are internally inconsistent may properly be given less weight. *See Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999). Opinions based on unreliable self-reporting are also properly rejected. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Frank Rosekrans, Ph. D., evaluated Martin on May 29, 2012, in between Dr. Arnold's two evaluations. Dr. Rosekrans assessed a GAF of 45, indicating serious symptoms or limitations (Tr. 326-32).

The ALJ rejected the assessed GAF of 45 because it was inconsistent with Dr. Rosekrans' own notes and observations (Tr. 35, 326). The psychologist notes Martin is not lethargic or agitated, reacts normally to requests and is appropriate, pleasant and cooperative. It is noted Martin is oriented, completes the intake form and is able to follow three step commands and directions. Memory and knowledge are intact and insight good (Tr. 327-29). Yet, Dr. Rosekrans' assessed GAF of 45 indicates serious symptoms (*e.g.,* suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational or school functioning (*e.g.,* no friends, unable to keep a job) (Tr. 326). Elsewhere the record shows Martin has daily contact with friends, by phone or in person (Tr. 224, 232). He told Dr. Arnold he experienced depression and anxiety for at least ten years before onset, yet

was able to work during all of those years, contrary to assessed severe limitations. This is a specific, legitimate reason supported by the evidence. An ALJ may properly reject any opinion that is brief, conclusory and inadequately supported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). As noted, internally inconsistent opinions are also entitled to less weight. *Morgan*, 169 F.3d at 603.

Martin alleges the ALJ should have weighed the evidence differently, but the ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

The ALJ's determinations are supported by the record and free of harmful legal error.

# CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

Defendant's motion for summary judgment, **ECF No. 19**, is **granted.**

Plaintiff's motion for summary judgment, ECF No. 14, is denied.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant and **CLOSE** the file.

DATED this 20th day of August, 2015.

*S/ James P. Hutton*

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER ~ 14